**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**GOODNATURE PRODUCTS, INC.,**

                                    **Plaintiff,**

v.                                                                                    15-CV-302A(Sr)

**FRESHLY SQUEEZED LLC and ERIC GUTH,**

                                    **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #24.

Plaintiff commenced this action seeking damages for trademark infringement and related state law claims on April 8, 2015. Dkt. #1.

In response to a notice before dismissal for failure to prosecute, plaintiff's counsel advised that, although defendants were technically in default, they had refrained from filing a notice of default because of ongoing settlement negotiations. Dkt. #10. Defendants answered the complaint on April 21, 2017. Dkt. #22.

An initial Case Management Order was entered on May 19, 2017, setting a deadline for completion of discovery of March 15, 2018. Dkt. #28.

On June 30, 2017, plaintiff's counsel advised that since the draft settlement agreement was not accepted, he was initiating discovery, which included service of deposition notices upon defendant Eric Guth and Fresh Squeezed LLC's President, Polina Chernomorets, as well as a Rule 30(b)(6) notice of deposition setting August 1-3, 2017 for depositions in Cleveland, Ohio. Dkt. #40-1, ¶ 4 & Exh.1.

An amended Case Management Order was entered on December 4, 2017, setting a deadline for completion of discovery of June 15, 2018. Dkt. #34.

By email dated January 9, 2018, plaintiff's counsel informed defense counsel that if the matter could not settle, discovery, including depositions, would need to proceed. Dkt. #40-1, Exh. 2

By email date March 14, 2018, plaintiff's counsel informed defense counsel that he would seek another extension of the Case Management Order, but noted that the parties had not heeded Rule 4.1 of the WDNY ADR plan, which cautions parties not to ignore discovery deadlines in pursuit of mediation. Dkt. #40-1, Exh. 3.

The Court extended the deadline for completion of discovery to September 7, 2018. Dkt. #35.

By letter dated June 14, 2018, the parties requested another 90 day extension of the Case Management Order "to allow the parties to continue to engage in

settlement discussions." Dkt. #36. The Court granted the request, setting a December 21, 2018 deadline for completion of discovery, with the admonition that no further requests would be granted. Dkt. #37.

By email dated August 9, 2018, plaintiff's counsel requested dates for depositions. Dkt. #40-1, Exh. 6.

On October 23, 2018, plaintiff's counsel noted that the parties would need another extension of the Case Management Order "since we have conducted no depositions" and requested either a favorable response to the latest settlement proposal or proposed dates for depositions. Dkt. #40-1, Exh. 7,

Plaintiff requested another 90 day extension of the scheduling order on October 26, 2018. Dkt. #38. While the Court granted the request, it limited the extension to 30 days. Dkt. #39.

On November 2, 2018, plaintiff's counsel requested November dates for defendants' depositions. Dkt. #40-1, Exh. 8.

On November 15, 2018, plaintiff's counsel left a voicemail informing defense counsel that he would be filing a motion to compel unless the matter settled or defendants provided deposition dates, prompting defense counsel to respond that he would be in contact within a day. Dkt. #40-1, Exh. 9.

Plaintiff filed this motion to compel depositions on November 20, 2018. Dkt. #40.

By email dated November 26, 2018, defendants advised that they are available for a deposition on any day. Dkt. #42, p.5.

In response to the motion, defendants state that they have been focused on finalizing the details of a draft settlement agreement and hope to avoid the expense of depositions. Dkt. #42, ¶¶ 3-4.

Plaintiff requests that the Court order depositions on January 22, 23 and, if necessary, January 24, 2019 at the law offices of Ulmer & Berne LLP, 1660 West 2nd Street, Suite 1100, Cleveland, Ohio 44113. Dkt. #43, ¶ 6.

Plaintiff's motion to compel is granted. The 30(b)(6) deposition, as well as depositions of Eric Guth and Polina Chernomorets shall be conducted on January 22-24, 2019. Defendants shall produce any additional documents identified during the course of such depositions by February 8, 2019. Plaintiff's expert witness disclosure is due by March 1, 2019. Defendant's expert disclosure due by March 29, 2019. Dispositive motions are due by May 3, 2019.

In scheduling the motion to compel, the Court placed defendants on notice that it would consider appropriate sanctions if the motion to compel was granted.

Dkt. #41. Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides, in relevant part, as follows:

> If the motion [to compel disclosure or discovery] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both of them to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But, the court must not order this payment if:
>
> (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

In the instant case, given that plaintiff's counsel afforded defendants multiple opportunities to schedule depositions and reminded defendants that the Court's ADR plan cautions parties not to ignore discovery deadlines in pursuit of mediation; the Court's Case Management Order clearly states that settlement negotiations shall not delay or defer discovery deadlines; and the Court twice warned the parties, in response to their request to extend the Case Management Order to pursue settlement negotiations, that no further extensions would be granted and, upon the most recent request, reduced the amount of time the parties were requesting to complete discovery, the Court finds defendants' failure to provide dates for depositions prior to the filing of this motion warrants an award to plaintiff of expenses incurred in the

filing of this motion. If the parties are unable to agree to the amount of reasonable expenses incurred with respect to this motion, plaintiff's counsel shall submit an affirmation setting forth such expenses no later than February 1, 2019.

**SO ORDERED.**

**DATED:** Buffalo, New York
December 10, 2018

    s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**